JOURNAL ENTRY AND OPINION
Defendant-appellant, Eric Harrison ("appellant"), appeals the sentence imposed upon him after his conviction for robbery in violation of R.C. 2911.02 entered upon his guilty plea in Cuyahoga County Court of Common Pleas.
The record demonstrates that on October 6, 1998, appellant was indicted on one count of aggravated robbery in violation of R.C.2913.01 with gun specifications in violation of R.C. 2941.141 and R.C. 2941.145. On October 14. 1998, appellant entered a plea of not guilty to the charges against him. On November 23, 1998, pursuant to a plea agreement, appellant withdrew his plea of not guilty and entered a guilty plea to an amended indictment which charged him with robbery in violation of R.C. 2911.02, a felony of the second degree. The amended indictment deleted the firearm specifications and reference to a firearm within the body of the indictment. On December 10, 1998, appellant was sentenced to a term of imprisonment of eight years, the maximum statutory term permitted for a felony of the second degree. From the maximum sentence imposed, appellant brings this appeal and advances a single assignment of error.
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE OF EIGHT YEARS FOR A SECOND DEGREE FELONY.
In his assigned error, appellant argues that the trial court failed to follow the statutory guidelines in imposing the maximum sentence for a second degree felony. Specifically, appellant contends that the trial court failed to consider the statutory factors in determining the seriousness of the offense and in determining whether he was most likely to commit future crimes.
R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence upon an offender under certain circumstances. In Statev. Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court determined that in order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria set forth in R.C.2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence * * * only upon offenders who committed the worst forms of the offense, upon offenders whopose the greatest likelihood of committing future crimes, * * *." (Emphasis added.)
R.C. 2929.19(B)(2)(d) sets forth the procedure required to be followed by a trial court in the imposition of a maximum sentence upon an offender for a single offense. As applicable here, the statute requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson,supra, 328.
The record before us demonstrates that the sentencing court made two findings, each supported by its reasons, for the imposition of the maximum term of imprisonment upon appellant. The trial court found both that the offense committed by appellant was one of the worst forms of the offense and appellant is an offender who poses the greatest likelihood of committing future crimes.
First, at the sentencing hearing, the trial court, in finding that appellant committed the worst form of the offense, stated:
 I think this is the worst form of robbery that I can imagine. * * * If we take what is most favorable to him, that he had a toy gun, that he threatened people, clearly doing it with a mask and displaying something like that is a threat. It may not be a verbal threat, but it is a clear threat when you come in with a mask and pull out something that is like a gun and you tell them you don't want the money that is going to explode on you, that is going to have a dye, which is another indication that he doesn't want to get caught.
 I would say doing this kind of thing anyplace, especially at a bank, makes this the worst form of a robbery.
Second, the sentencing court found that appellant * * * is one of those people who is most likely to commit future crimes." The court supported its conclusion by observing that: "this is the second bank robbery that he's committed and frankly from his demeanor that whatever is motivating [appellant] at this point he is one of those people who is most likely to commit future crimes."
Further, on December 23, 1998, the sentencing court memorialized these findings with its supporting reasons in a judgment entry of sentence which stated in pertinent part:
 * * * The Court finds that the robbery was one of the worst forms of the offense because the victim was a bank, the defendant was armed with a gun, and the sum obtained was substantial. The offense was, in fact, an armed robbery of a bank. The defendant is a person most likely to commit future crime because this offense was committed less than six months after release from parole supervision after previously serving three years and six months for robbery. * * *
Accordingly, in conformance with the guidance provided inEdmonson, supra, we find that the record demonstrates that the trial court lawfully imposed the maximum sentence upon appellant and fulfilled the statutory requirements where the court satisfied two of the listed criteria in R.C. 2929.14(C) and it set forth its reasons for imposing the maximum prison term as required by R.C. 2929.19(B)(2)(d)
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE.
 LEO M. SPELLACY, J. and ANNE L. KILBANE, J., CONCUR.